**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| WASHINGTON AREA BICYCLIST ASSOCIATION, INC., <br><br>       Plaintiff, <br><br> v. <br><br> DOUGLAS BURGUM, in his official capacity as Secretary of the Interior, *et al.*, <br><br>       Defendants. | Case No. 1:26-cv-988-ABJ |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING REMEDY**

During the April 9 hearing, the Court authorized the parties to file supplemental briefs addressing the proper remedy in the event the Court concludes the federal agencies' decision to remove the 15th Street Cycle Track violates the Administrative Procedure Act ("APA"). That decision is consistent with the APA and the other statutes upon which Plaintiff Washington Area Bicyclist Association, Inc. ("WABA") bases its claims. But if the Court disagrees, and further concludes that the agencies made an error that affected the outcome of the decision to remove the Cycle Track, remand without vacatur is appropriate because the error would be curable on remand. Even if the Court concludes vacatur is appropriate, WABA falls well short of showing it is entitled to permanent injunctive relief, either as pleaded in its Amended Complaint, Dkt. 23, at 26, or as articulated in its April 7 proposed order, Dkt. 24-1: WABA has not shown that it will suffer irreparable harm without an injunction, and it has not shown that an APA remedy will fail to redress its alleged harm.

A.    **Vacatur is inappropriate because any prejudicial error is curable on remand.**

WABA does not argue that the National Park Service ("NPS") lacks authority to remove the Cycle Track.[1] Rather, it bases its motion for summary judgment and injunctive relief on purported procedural errors that would not affect the ultimate decision or are curable on remand. WABA argues that NPS (1) should have consulted with the National Capital Planning Commission (Dkt. 24, at 22–24), (2) failed to adequately explain its decision (*id.*, at 24–32), (3) should have done more analysis under National Environmental Policy Act ("NEPA") (*id.*, at 32–35), and (4) failed to explain how its decision comports with the NPS's organic statute ("NPS Organic Act") (*id.*, at 35–37).

---

[1] Defendants' Reply noted that WABA had not alleged any independent violation of law by the Federal Highway Administration, and WABA did not argue otherwise at the April 9 hearing.

If the Court agrees that an error occurred, the remedy for the error must take into account whether the error was prejudicial, *see* 5 U.S.C. § 706, and if so, whether the error is of a magnitude that justifies vacating the decision as opposed to remand alone. *See Allied-Signal v. Nuclear Regul. Comm'n*, 988 F.2d 146, 150 (D.C. Cir. 1993). Applying those principles here shows that the appropriate remedy is a remand without vacatur for any error deemed to be prejudicial.

**1.** First, if the Court concludes that NPS made an error, it must consider whether that error was harmless. *See FDA v. Wages & White Lion Investments, LLC*, 604 U.S. 542, 589-90 (2025) (holding that agency's failure to explain change of position should be reviewed for harmlessness). And WABA relies on harmless errors. For example, the lead argument in its Reply claims that NPS violated 40 U.S.C. § 8722(b)(1) by failing to submit the removal project to the National Capital Planning Commission for consultation. *See* Dkt. 24, at 22-24. But that error had no bearing on the outcome because the Planning Commission would not have undertaken the consultation if asked. *See* Dkt. 22-1, at 31-32; Dkt. 28, at 9 of 13.

WABA also argues (Dkt. 24, at 24) that NPS failed to explain its "sudden change from years of bike-lane promotion." But that, too, had no bearing on the outcome. *See PDK Labs., Inc. v. U.S. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("If the agency's mistake did not affect the outcome, if it did not prejudice the petitioner, it would be senseless to vacate and remand for reconsideration."). WABA has not identified any statute mandating the creation and maintenance of protected bicycle lanes on 15th Street, or anywhere else on the National Mall. Therefore, even if the Court agrees that NPS erred by not specifically mentioning its previous statements about the benefits of bike lanes, that error did not affect the outcome here, where NPS "weigh[ed] competing interests" and "conclude[d] that this roadway space would be best used as an additional lane for vehicular traffic." NPS-AR-001371.

**2.**  Even if the Court finds an error that is not harmless, the appropriate remedy is a remand to NPS without vacatur of the decision to remove the Cycle Track.  In deciding whether vacatur is necessary, a court "balances two factors: (1) 'the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly),' and (2) 'the disruptive consequences' of vacatur."  *City of Port Isabel v. FERC*, 130 F.4th 1034, 1036–37 (D.C. Cir. 2025) (quoting *Allied-Signal v. Nuclear Regul. Comm'n*, 988 F.2d 146, 150 (D.C. Cir. 1993)).  When there is "at least a serious possibility that the [agency] will be able to substantiate its decision on remand," vacatur is not necessary.  *Allied Signal*, 988 F.2d. at 151.

**a.**  WABA relies heavily on failure-to-explain errors, which are "the type of deficiency most readily remedied on remand." *Am. Pub. Gas Ass'n v. DOE*, 22 F.4th 1018, 1031 (D.C. Cir. 2022). If the Court concludes that NPS should have further explained some aspect of its decision, it can do so on remand, and this would remedy the deficiency. *Id.*; *see, e.g.*, *Heartland Reg'l Med. Ctr. v. Sebelius*, 566 F.3d 193, 197-200 (D.C. Cir. 2009) (affirming district court's order to remand without vacatur where agency had failed "adequately to explain why it chose one approach rather than another for one aspect of an otherwise permissible rule"); *Black Rock City LLC v. Haaland*, 2022 WL 834070, at *9 (D.D.C. Mar. 21, 2022) (remanding without vacatur where agency's "decisions lack[ed] substantial evidence for their bottom-line conclusions"); *see also Checkosky v. SEC*, 23 F.3d 452, 466 (D.C. Cir. 1994) (listing 29 "D.C. Circuit cases remanding for inadequate explanation without vacating agency action").  Nor would a NEPA violation require vacating the agency's decision.  *Cf. Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 185 (2025) (procedural deficiency in agency's EIS "does not necessarily require vacating an agency's project approval, absent reason to believe that the agency might disapprove the project" through the additional process).

3

To be sure, some procedural violations could be so fundamental to the decision that they require vacatur. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 985 F.3d 1032, 1052 (D.C. Cir. 2021) (failure to prepare an EIS for a pipeline that would carry half a million gallons of oil per day under lake supplying federally recognized tribes with drinking water was a "fundamental procedural failure" that was unlikely to be remedied on remand, as decision had been remanded once before); *but see City of Port Isabel v. FERC*, 130 F.4th 1034, 1037–38 (D.C. Cir. 2025) (holding that the agency erred by failing to prepare a supplemental EIS on certain issues but distinguishing *Standing Rock* and refusing to vacate).[2]

Here, however, WABA points to no fundamental procedural deficiency in the agency's decision. NPS's lack of consultation with the Planning Commission, if it was error, was not fundamental both because the Commission has indicated it would not have consulted if asked and because NPS could, on remand, provide additional justification to "rehabilitate its decision" to forego that step, *Port Isabel*, 130 F.4th at 1037. If the Court concludes that NPS erred by using a categorical exclusion, that would not be fundamental, either, given the modest nature of the project. WABA questions whether NPS's regulations authorize a categorical exclusion under these circumstances. But NPS, on remand, could further justify its reliance on the exclusion. In any event, relying on a categorical exclusion to remove the Cycle Track (just as the agency did to install the Cycle Track) is not the type of fundamental error that requires vacatur. *See, e.g.*, *Pub. Emps. For Envtl. Responsibility v. Nat'l Park Serv.*, 605 F. Supp. 3d 28, 62-63 (D.D.C. 2022) (remanding without vacatur where agency failed to provide adequate explanation for invoking a categorical exclusion). *See also Port Isabel*, 130 F.4th at 1037 (noting that "not all procedural omissions point

---

[2] *Standing Rock* was decided before and thus does not take into account the Supreme Court's admonitions in *Seven County*.

toward vacatur with the same force" and explaining that the agency in *Standing Rock* made a "truly 'fundamental' procedural error" because it "authorize[d] the construction of a pipeline without issuing any environmental impact statement whatsoever").

**b.** The second *Allied-Signal* factor also supports remanding without vacatur because vacating NPS's decision to remove the Cycle Track project will have "disruptive consequences," *Allied-Signal*, 988 F.2d at 150. Removing the Cycle Track is part of NPS's plan for America 250, a once-in-a-lifetime event, and vacating the decision will impair that plan. In coordination with FHWA, NPS selected April 23 as a start date because that is the last date this three-week project can begin without forcing roadwork to occur during major events on the National Mall in May. But even if the Court discounts the potential disruption to the agencies' plans, the strong likelihood that the agencies can substantiate their decision on remand is reason enough not to vacate the project. *See, e.g.*, *Fox Television Stations v. FCC*, 280 F.3d 1027, 1049 (D.C. Cir. 2002) (remanding rule without vacatur even though "the disruptive consequences of vacatur might not be great" because agency's error was limited to failure to explain change of position).

In sum, if any error that occurred is deemed to be prejudicial, the remedy for that error is to remand to the agency, and vacatur is not supported.

### B.    There Is No Legal or Factual Basis for WABA's Requested Injunction.

Even if the Court decides to vacate the agencies' decision to remove the Cycle Track, WABA's request for a permanent injunction should be denied. WABA asks the Court to permanently enjoin Defendants from removing the Cycle Track until they make a new decision that is "lawful and appropriate," and it asks this Court to preemptively delay the effective date of any new decision for at least 45 days "to facilitate judicial review if necessary." Dkt. 24-1, at 2. This extraordinary relief exceeds what WABA requests in its Amended Complaint. *See* Dkt. 23, at 26. It is also unwarranted.

5

**1.** WABA must show that it will be irreparably harmed without injunctive relief. *See Monsanto v. Geertsen Seed Farms*, 561 U.S. 139, 157 (2010). It has not done so. Defendants previously showed that WABA's allegations about an increased safety risk do not demonstrate irreparable injury, in part because WABA's members can avoid the risk of physical injury. *See* Dkt. 22-1, at 18. WABA's response is to repeat DDOT's statistic that the Cycle Track reduced crashes by 46%, Dkt. 24, at 38, and to provide a supplemental expert declaration that attempts to rehabilitate DDOT's analysis, *see* Dkt. 23-1. But DDOT has since clarified that the reduction in crashes associated with the Cycle Track may be more like 16%. *See* Dkt. 23-2. And neither WABA nor its expert refutes the common-sense proposition that cyclists afraid of injury can choose other routes or other modes of transit. *See* Dkt. 23-1, ¶¶ 14-16 (addressing only the risks of riding on sidewalks). Unsurprisingly, WABA does not cite any case endorsing an avoidable harm as an irreparable harm. WABA's claims of irreparable aesthetic, recreational, and economic harm, raised for the first time in their reply, are likewise unsupported.[3]

**2.** The Supreme Court has also been clear that a court must consider the traditional APA remedies before considering a permanent injunction. *See Monsanto*, 561 U.S. at 165-66. As previously explained, the appropriate traditional APA remedy here, if any, is remand without vacatur. This would remedy the purported inadequacies that WABA relies on. *See Gill v. Whitford*,

---

[3] In *Conservation Law Foundation v. Ross*, 422 F. Supp. 3d 12 (D.D.C. 2019), the Court enjoined gillnet fishing that was demonstrated—with peer-reviewed research—to present an imminent threat to the survival of the North Atlantic right whale as a species. Restoring traffic to the fourth of four lanes on an existing road does not cause aesthetic injury of that magnitude. WABA's members can still bicycle on the National Mall and enjoy seeing the monuments and scenery. WABA's other cited decision on aesthetic harm involves demolition and construction of new permanent structure, and has been appealed. *See Nat'l Trust for Historic Pres. v. Nat'l Park Serv.*, D.C. Cir. No. 26-5101. As to economic harm, WABA has neither alleged nor proven the "extreme economic injury" necessary to justify an injunction, *Am. Meat Inst. v. U.S. Dep't of Agriculture*, 968 F. Supp. 2d 38, 79 (D.D.C. 2013).

585 U.S. 48, 68 (2018) (noting the rule that a "remedy must of course be limited to the inadequacy that produced the injury in fact" (citation omitted)).

If the Court disagrees, remand with vacatur would certainly remedy WABA's purported injuries, which would obviate the need for injunctive relief.  Indeed, in *Monsanto*, 561 U.S. 139, the Court confirmed that a permanent injunction is *not* a default remedy for NEPA violations, or in APA cases generally.  *See id.* at 157-58.  "If a less drastic remedy (such as partial or complete vacatur)" of the agency's decision will be "sufficient to redress [the plaintiff's] injury, no recourse to the additional and extraordinary relief of an injunction [is] warranted."  *Id.* at 165-66.

If the Court decides to vacate NPS's decision to remove the Cycle Track, the vacatur would redress WABA's asserted injuries because NPS would need to make a new decision about the Cycle Track before starting any roadwork, and WABA could challenge that future decision under the APA.  Further, any new decision by the agency would take into account a different timetable, any factors identified as requiring additional consideration, and potential modifications relating to those considerations.  WABA cannot preemptively claim a likelihood of success on the merits with respect to that hypothetical future decision, much less irreparable injury from that decision.  *See Monsanto*, 561 U.S. at 162-63 (holding that respondent could not show irreparable injury where it could challenge future decision under the APA and the scope of any future decision was unknown).

**3.**    WABA has also proposed a "follow-the-law" injunction that is overly broad, impermissibly vague, and simply unnecessary.  *See* Dkt. 23, at 26 (requesting an injunction "until Defendants have satisfied their obligations" under the APA and other statutes); *see also* Dkt. 24-1 (proposed injunction pending a decision that is "lawful and appropriate").  While "[n]o one disputes that the Executive has a duty to follow the law," "the Judiciary does not have unbridled authority to enforce this obligation."  *Trump v. CASA, Inc.*, 606 U.S. 831, 858 (2025).  Further, an

7

injunction must "state its terms specifically," Fed. R. Civ. P. 65(d), so as to "prevent uncertainty and confusion" on the part of the enjoined party and "to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). WABA's proposed "follow-the-law" injunction violates these principles. It would put the Court in the position of retaining supervisory jurisdiction, and it would arm WABA with the ability to allege contempt any time they deem the agencies' process not to be "appropriate," Dkt. 24-1, at 2. Nothing in the record remotely supports that result.

The agencies have abided their commitments in this case not to undertake work before particular dates, and they have complied with every deadline set by the Court. WABA's request for a follow-the-law injunction should be denied.

## CONCLUSION

For the reasons stated above, if the Court grants summary judgment in WABA's favor on any of its claims, the appropriate remedy for any prejudicial error is remand without vacatur.

Respectfully submitted this 15th day of April, 2026.

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

 */s/ Judith E. Coleman*

JUDITH E. COLEMAN
Trial Attorney (DC Bar No. 980382)
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611, Benjamin Franklin Station
Washington, DC 20044
Tel: (202)-305-5031
Email: Judith.Coleman@usdoj.gov

*Attorneys for Defendants*