**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WASHINGTON AREA BICYCLIST ASSOCIATION, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 26-0988 (ABJ) |
| DOUGLAS BURGUM, Secretary of the Interior, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **ORDER**

Pursuant to Federal Rule of Civil Procedure 56 and 58 and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that plaintiff's motion for summary judgment [Dkt. # 9] is **GRANTED IN PART AND DENIED IN PART**: judgment is hereby entered in favor of the plaintiff on Counts Two and Three, and the Court declined to reach Counts One and Four.  Defendants' cross-motion for summary judgment [Dkt. # 22] is **DENIED**.

Furthermore, for the reasons set forth in the Memorandum Opinion:

It is **DECLARED** that the decision to proceed with the 15th Street Cycle Track Removal Project is arbitrary and capricious under 5 U.S.C. § 706(2)(A) because the record does not reflect that the defendants examined the relevant data and articulated a rational connection between the facts found and the choice made.

It is further **DECLARED**, pursuant to section 706(2)(A) that the decision for purposes of the National Environmental Policy Act that the Removal Project was covered by a categorical exclusion, and that the project would not have significant impacts on public health or safety, was

1

not the product of reasoned decision making, and was arbitrary and capricious and not in accordance with law.

Given the entry of judgment, the decision to proceed with the Removal Project as described in the March 31, 2026 NPS Decision Memorandum and the March 31, 2026 NPS and FHWA Categorial Exclusion documents, as well as in the February 23 NPS and February 27 FHWA Categorical Exclusion documents to the extent they were not rescinded or nullified but only elaborated upon on March 31, is hereby **VACATED** and **REMANDED** to the National Park Service and the Federal Highway Administration.  This means, as counsel for the defendants acknowledged on the record at the hearing, that the decision is null and void, and the Removal Project may not and will not proceed on April 23, 2026.

Given the ruling in plaintiff's favor on the merits, and the vacatur and remand, plaintiff's request for interim relief is denied as **MOOT**.

This is a final appealable order.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  April 21, 2026