## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON AREA BICYCLIST ASSOCIATION, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> DOUGLAS BURGUM, in his official capacity as SECRETARY OF THE INTERIOR; <br><br> DEPARTMENT OF THE INTERIOR; <br><br> JESSICA BOWRON, in her official capacity as ACTING DIRECTOR, NATIONAL PARK SERVICE; <br><br> NATIONAL PARK SERVICE; <br><br> SEAN DUFFY, in his official capacity as SECRETARY OF TRANSPORTATION; <br><br> DEPARTMENT OF TRANSPORTATION; <br><br> SEAN MCMASTER, in his official capacity as ADMINISTRATOR, FEDERAL HIGHWAY ADMINISTRATION; <br><br> FEDERAL HIGHWAY ADMINISTRATION, <br><br> *Defendants*. | Case No. 1:26-cv-00988-ABJ |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES AND COSTS PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

LEGAL STANDARD............................................................................................................ 2

ARGUMENT ......................................................................................................................... 3

I.     WABA Is Entitled to Fees and Costs under EAJA............................................... 4

        A.     WABA's Motion is Timely. ..................................................................... 4

        B.     WABA Is an Eligible Prevailing Party. .................................................. 4

        C.     The Government's Position Was Not Substantially Justified................................ 5

        D.     There Are No Special Circumstances That Would Make an Award Unjust. ......... 8

II.    WABA Seeks an Award of $191,326.16 as Reasonable Attorneys' Fees and Costs.......................................................................................................................... 9

        A.     WABA Is Entitled to Reasonable Fees. ................................................... 9

        B.     WABA Is Entitled to Reasonable Costs. ............................................... 12

CONCLUSION.................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Transp. Ass'n of Canada v. FAA*,
   156 F.3d 1329 (D.C. Cir. 1998) ..................................................................................................8

*\*Am. Wrecking Corp. v. Sec'y of Lab.*,
   364 F.3d 321 (D.C. Cir. 2004) ................................................................................................6, 7

*Animal Legal Def. Fund, Inc. v. Perdue*,
   292 F. Supp. 3d 315 (D.D.C. 2018) .............................................................................................9

*Black Rock City LLC v. Haaland*,
   No. 19-CV-3729 (DLF), 2024 WL 1406549 (D.D.C. Mar. 28, 2024) .....................................8

*Brackett v. Mayorkas*,
   No. CV 17-988 (JEB), 2023 WL 5094872 (D.D.C. Aug. 9, 2023) .........................................11

*Cinciarelli v. Reagan*,
   729 F.2d 801 (D.C. Cir. 1984) ....................................................................................................6

*Citizens for Resp. & Ethics in Wash. v. Nat'l Archives & Recs. Admin.*,
   No. 20-CV-00739 (APM), 2022 WL 2064831 (D.D.C. June 8, 2022) .................................3, 7

*\*Comm'r, INS v. Jean*,
   496 U.S. 154 (1990) .....................................................................................................................6

*\*Fed. Election Comm'n v. Rose*,
   806 F.2d 1081 (D.C. Cir. 1986) ..................................................................................................8

*Haselwander v. McHugh*,
   797 F.3d 1 (D.C. Cir. 2015) ......................................................................................................10

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) .....................................................................................................................9

*Initiative & Referendum Inst. v. USPS*,
   794 F.3d 21 (D.C. Cir. 2015) ..................................................................................................3, 5

*J.T. v. District of Columbia*,
   652 F. Supp. 3d 11 (D.D.C. 2023) ............................................................................................11

*\*Kean for Congress v. FEC*,
   2006 WL 89830 (D.D.C. Jan. 13, 2006) .....................................................................................5

*Lake Pilots Ass'n, Inc. v. U.S. Coast Guard*,
    310 F. Supp. 2d 333 (D.D.C. 2004) ......................................................................5

*Mass. Union of Pub. Hous. Tenants, Inc. v. Pierce*,
    755 F.2d 177 (D.C. Cir. 1985) .............................................................................4

*McDonald v. Schweiker*,
    726 F.2d 311 (7th Cir. 1983) ...............................................................................4

*Murray v. Weinberger*,
    741 F.2d 1423 (D.C. Cir. 1984) ...........................................................................9

*N.M. ex rel. Richardson*, 2011 WL 13273079 ...........................................................8

*Nat'l Ass'n of Mfrs. v. Dep't of Lab.*,
    159 F.3d 597 (D.C. Cir. 1998) .............................................................................5

*Nat'l Ass'n of Mfrs. v. U.S. Dep't of Lab.*,
    962 F. Supp. 191 (D.D.C. 1997) .........................................................................12

*Okla. Aerotronics, Inc. v. United States*,
    943 F.2d 1344 (D.C. Cir. 1991) ...........................................................................9

*Orantes-Hernandez v. Holder*,
    713 F. Supp. 2d 929 (D.D.C. 2010) .....................................................................3

*Pierce v. Underwood*,
    487 U.S. 552 (1988) ...........................................................................................6

*Pub. Emps. for Env't Resp. v. Cruickshank*,
    No. 10-1067 (RBW) (DAR), 2019 WL 6465088 (D.D.C. Dec. 2, 2019) ................8

*Role Models Am., Inc. v. Brownlee*,
    353 F.3d 962 (D.C. Cir. 2004) .............................................................................3

*Sierra Club v. Mullen*,
    619 F. Supp. 1244 (D.D.C. 1985) .......................................................................8

*Taucher v. Brown-Hruska*,
    396 F.3d 1168 (D.C. Cir. 2005) ...........................................................................8

*True the Vote, Inc. v. Internal Revenue Serv.*,
    No. CV 13-734 (RBW), 2020 WL 5656694 (D.D.C. Sept. 23, 2020) .................11

**Statutes**

28 U.S.C. § 2412 ....................................................................................... *passim*

Internal Revenue Code § 501 ...............................................................................5

**Rules**

Federal Rule of Appellate Procedure 4(a)(1)(B) ...............................................................4

Federal Rule of Appellate Procedure 26(a)(1)(C) .............................................................4

**Other Authorities**

Bureau of Lab. Stat., Consumer Price Index for All Urban Consumers (CPI-U) -
    Washington DC, 1996-2006, *available at*
    https://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series_id=
    CUURS35ASA0,CUUSS35ASA0 (last visited July 21, 2026)................................................11

Consumer Price Index, Washington-Arlington-Alexandria - May 2026, *available
    at* https://www.bls.gov/regions/mid-atlantic/news-
    release/consumerpriceindex_washingtondc.htm (last visited July 21, 2026).........................11

U.S. Attorney's Office for the District of Columbia, *available at*
    https://www.justice.gov/usao-dc/civil-division (last visited July 21, 2026)............................11

**INTRODUCTION**

Plaintiff Washington Area Bicyclist Association ("WABA") hereby moves for an award of attorneys' fees and litigation expenses against the Federal Defendants under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  WABA is the prevailing party pursuant to this Court's order of April 21, 2026, ECF No. 34, which found that the challenged action was not the product of reasoned decisionmaking by the government.  Moreover, because WABA satisfies all of EAJA's other requirements, WABA is entitled to an award of attorneys' fees and expenses.

**BACKGROUND**

WABA filed this action on March 23, 2026 against the Department of the Interior, Douglas Burgum, the National Park Service ("NPS"), Jessica Bowron, the Department of Transportation ("DOT"), Sean Duffy, the Federal Highway Administration ("FHWA"), and Sean McMaster (all collectively, the "Federal Defendants") seeking declaratory and injunctive relief barring the Federal Defendants' planned removal (the "Removal Project") of the 15th Street Cycle Track, protected bike lanes that traverse the National Mall and Tidal Basin in Washington, DC.  WABA's complaint alleged that the Removal Project was unlawful under the Administrative Procedure Act ("APA") because: (1) NPS failed to comply with a legal obligation to consult with the National Capital Planning Commission; (2) the sudden and unexplained decision to depart from NPS's previous position regarding the bike lanes was arbitrary and capricious for a multitude of reasons; (3) the Federal Defendants failed to undertake the environmental assessment required under NEPA; and (4) the decision contravened the Park Service Organic Act.  Compl. ¶¶ 42–85.

On March 25, 2026, after a scheduling conference with the Court, the Federal Defendants provided the Court and WABA with decision documents not previously made available to the public from February 2026 that they alleged supported their decision to move forward with the Removal Project.  On March 26, 2026, WABA filed a motion for preliminary injunction.  ECF

No. 9. On March 31, 2026, the Federal Defendants issued new decision documents they contended supported their "new decision" to remove the bike lanes. The Court then consolidated the hearing on the preliminary injunction with a trial on the merits and deemed WABA's motion a motion for summary judgment. On April 7, 2026, WABA filed an amended complaint addressing the new March 2026 decision documents and alleging that the Removal Project was still unlawful for the same reasons. ECF No. 23. The Court heard argument on the parties' motions for summary judgment on April 9, 2026. ECF No. 33 ("Op.") at 2.

On April 21, 2026, the Court issued an order and memorandum opinion, ECF Nos. 33–34, granting summary judgment in favor of WABA on Counts Two and Three "given the absence of reasoned decisionmaking underlying both the decision to proceed with the Removal Project and the defendants' application of [the National Environmental Policy Act,] NEPA." Op at 2. The Court reasoned that not only had the agencies failed to "*explain* [their] analysis," there was no "record support for the fact that there *was* an analysis" whatsoever. Op. at 26. In fact, other than one evaluation of a study raised by WABA, "there [was] not one piece of paper [in the record] that explain[ed] or precede[d] the conclusions expressed in the March 31 documents other than the decision documents themselves." Op. at 19 n.5. The Court vacated and remanded the Federal Defendants' removal decision and denied WABA's motion for interim injunctive relief as moot. ECF No. 34. Federal Defendants did not appeal the Court's decision.

## LEGAL STANDARD

EAJA provides that a court "shall" award fees, costs, and other expenses to a prevailing party who is eligible for an EAJA fee award, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "[F]ees and other expenses" include "reasonable attorney fees." *Id.* § 2412(d)(2)(A). A fee application must be filed within 30 days from entry of final judgment, *id.*

2

§ 2412(d)(1)(B), defined under the EAJA as "a judgment that is final and not appealable," *id.* § 2412(d)(2)(G).

A party is eligible for attorneys' fees under EAJA if it (1) is a "prevailing party" that (2) incurred costs of litigation against the federal government, and (3) meets applicable size, net worth, or other criteria. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(B). In determining whether a litigant is a prevailing party, courts in this circuit apply a three-part test: "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *Initiative & Referendum Inst. v. USPS*, 794 F.3d 21, 23–24 (D.C. Cir. 2015) (citation modified).

If the plaintiff establishes that it is a "prevailing party," the government "then has the burden of proving that its actions were substantially justified in law and fact and/or that special circumstances make awarding fees unjust." *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 942 (D.D.C. 2010) (citation omitted). "The government's 'position' is defined by statute to include both its litigation position in court and 'the action or failure to act by the agency upon which the civil action is based.'" *Citizens for Resp. & Ethics in Wash. v. Nat'l Archives & Recs. Admin.*, No. 20-CV-00739 (APM), 2022 WL 2064831, at *2 (D.D.C. June 8, 2022) ("*CREW*") (quoting 28 U.S.C. § 2412(d)(2)(D)). Finally, the plaintiff bears the burden of establishing the reasonableness of its fee request. *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 969–70 (D.C. Cir. 2004).

## ARGUMENT

WABA is entitled to an award of attorneys' fees and costs under EAJA because it meets all requirements for such an award and because the Federal Defendants' position was not substantially justified. Because the Federal Defendants' decision to remove the 15th Street Cycle Track was "not the product of reasoned decisionmaking, and was arbitrary and capricious and not

3

in accordance with law," Op. at 54, the government's position was not substantially justified. Nor do special circumstances make an award unjust.

## I.    WABA Is Entitled to Fees and Costs under EAJA.

### A.    WABA's Motion is Timely.

EAJA provides that a party seeking an award of fees and expenses must submit an application within 30 days from entry of "final judgment," 28 U.S.C. § 2412(d)(1)(B), defined under EAJA as "a judgment that is final and not appealable," *id.* § 2412(d)(2)(G). The D.C. Circuit has held that "the 30-day period provided for in Section 2412(d)(1)(B) begins to run only when a judgment is 'no longer contestable through the appellate process,'" *Mass. Union of Pub. Hous. Tenants, Inc. v. Pierce*, 755 F.2d 177, 180 (D.C. Cir. 1985) (quoting *McDonald v. Schweiker*, 726 F.2d 311, 313 (7th Cir. 1983)), meaning "all appellate remedies have been either exhausted or . . . abandoned," *McDonald*, 726 F.2d at 313.

Here, the Court issued its order granting WABA's motion for summary judgment on April 21, 2026. ECF No. 34. Under Federal Rule of Appellate Procedure 4(a)(1)(B), the government then had 60 days to appeal, which ran to Saturday, June 20, 2026. Fed. R. App. P. 4(a)(1)(B). Per Federal Rule of Appellate Procedure 26(a)(1)(C), because that was a Saturday, the government's period to appeal continued to run until the end of Monday, June 22, at which point the judgment was no "longer contestable through the appellate process." *Mass. Union*, 755 F.2d at 180. WABA has timely filed this motion for fees and expenses within 30 days of June 22, 2026.

### B.    WABA Is an Eligible Prevailing Party.

A party is eligible for attorneys' fees under EAJA if it (1) is a "prevailing party" that (2) incurred costs of litigation against the federal government, and (3) meets applicable size, net worth, or other criteria. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(B). In determining whether a litigant is a prevailing party, courts in this circuit apply a three-part test: "(1) there must be a court-ordered

4

change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *Initiative & Referendum Inst.*, 794 F.3d at 23–24 (citation modified). It is sufficient if a party "obtain[s] a 'substantial part of' the relief it sought and . . . [has] caused 'a change in someone's primary conduct in the real world.'" *Lake Pilots Ass'n, Inc. v. U.S. Coast Guard*, 310 F. Supp. 2d 333, 336 (D.D.C. 2004) (citing *Role Models Am.*, 353 F.3d at 966).

WABA is the prevailing party in this action. The Court (1) granted summary judgment (2) in favor of WABA and (3) ordered that the Federal Defendants' removal decision be vacated and remanded, halting the Removal Project. This is sufficient to deem WABA the prevailing party. *See, e.g.*, *Kean for Congress v. FEC*, 2006 WL 89830, at *3–4 (D.D.C. Jan. 13, 2006) (finding that remand order satisfies "prevailing party" requirements of EAJA).

WABA also incurred costs of litigation against the Federal Defendants, as described below and in the accompanying declarations.

WABA also meets the third criterion for eligibility. It is an "organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. § 501(c)(3)) exempt from taxation under section 501(a) of such Code" and "had not more than 500 employees at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B); Ex. A (Kiker Decl.) ¶¶ 4–5. Finally, WABA is eligible for EAJA fees even though it was represented by its attorneys on a *pro bono* basis. *Nat'l Ass'n of Mfrs. v. Dep't of Lab.*, 159 F.3d 597, 606–07 (D.C. Cir. 1998).

## C. The Government's Position Was Not Substantially Justified.

Federal Defendants cannot defeat an award of fees under EAJA "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Neither exception applies in this case.

5

The government bears the burden of demonstrating that its position was substantially justified. *Cinciarelli v. Reagan*, 729 F.2d 801, 806 (D.C. Cir. 1984). To meet that burden, the government must show that its position was "justified to a degree that could satisfy a reasonable person," i.e. that it has a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based)." 28 U.S.C. § 2412(d)(1)(B). Moreover, the "position of the United States" is defined as including not only the government's litigation position, but also "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Accordingly, where the fee petition arises out of a proceeding for judicial review of agency action, the government "must demonstrate the reasonableness not only of its litigation position, but also of the agency's actions." *Am. Wrecking Corp. v. Sec'y of Lab.*, 364 F.3d 321, 325 (D.C. Cir. 2004) (quoting *Role Models Am.*, 353 F.3d at 967); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 159 n.7 (1990) (noting that Congress intended to provide for fees when unjustifiable agency action forces litigation, even when agency tries to avoid liability through reasonable behavior during litigation). Federal Defendants cannot make such a demonstration here.

Federal Defendants' position on the Removal Project was not substantially justified. As this Court found, Federal Defendants' decision to remove the 15th Street bike lanes was arbitrary and capricious for a number of reasons: not only was there a "failure by an agency to *explain* its analysis," there was also an "absence of record support for the fact that there *was* an analysis – that facts related to any of the considerations that supposedly underlie the decision were gathered or assessed or weighed against competing considerations." Op. at 26. And the decision documents

6

the Federal Defendants did proffer "d[id] not stand up to scrutiny under the APA." *Id*. at 27. Significantly, despite predicating their decision on Executive Order 14252's call for "safe public spaces" in the District, the Federal Defendants' decision documents do not contain "one sentence . . . that explains how [the] reversal of the 2025 decision to install the dedicated lanes advances that goal and makes the Mall safe." *Id.* at 34. Federal Defendants did not—and could not—dispute the record evidence showing that "protected bike lanes prevent collisions," and thus did not consider the Removal Project's effect on safety around the National Mall. *Id.* at 37. Nor did the Federal Defendants consider or respond to any of the concerns raised by Members of Congress, a D.C. Councilmember, or the Director of Engineering at a transportation planning, design and engineering firm, whose analysis was included in a declaration in the Administrative Record. *Id.* at 37–43. In short, "the fact that the agencies' thoughts about [such concerns] – or whether they even considered them at all – cannot be found in the record means that the record cannot support a conclusion that the decision to implement the Removal Project was the product of reasoned decisionmaking." *Id.* at 33. The Court also concluded that the Federal Defendants' decision that the Removal Project was covered by a Categorical Exclusion from the National Environmental Policy Act, and that the project "would not have significant impacts on public health or safety," was similarly "not the product of reasoned decisionmaking, and was arbitrary and capricious and not in accordance with the law." *Id.* at 54.

Such "fail[ures] to consider an important aspect of the problem and to respond to relevant and significant public comments," as well as "the government's subsequent defense of them in litigation" have previously been found to lack substantial justification. *See CREW*, 2022 WL 2064831, at *2–3. Federal Defendants violated NEPA and the APA in contravention of existing case law. *See Am. Wrecking Corp.*, 364 F.3d at 326–27 (agency position was not substantially

7

justified where it "was flatly at odds with the controlling case law" (internal quotation marks omitted)). This violation was not substantially justified, and EAJA fees and expenses are warranted. *See, e.g.*, *Black Rock City LLC v. Haaland*, No. 19-CV-3729 (DLF), 2024 WL 1406549, at *3 (D.D.C. Mar. 28, 2024) ("[W]here an agency is 'wholly unresponsive' to a plaintiff's concerns, the agency's 'indifference' goes beyond 'ordinary arbitrary and capricious agency action to qualify as lacking substantial justification.'" (quoting *SecurityPoint Holdings, Inc. v. Transp. Sec. Admin.*, 836 F.3d 32, 40 (D.C. Cir. 2016))); *Sierra Club v. Mullen*, 619 F. Supp. 1244, 1246 (D.D.C. 1985) (awarding EAJA fees and expenses in NEPA case); *Pub. Emps. for Env't Resp. v. Cruickshank*, No. 10-1067 (RBW) (DAR), 2019 WL 6465088, at *13 (D.D.C. Dec. 2, 2019) (same); *N.M. ex rel. Richardson*, 2011 WL 13273079, at *1 (same).

In short, this is an instance where the "agency action in [an] 'inadequate explanation' and 'failure to consider a relevant factor[]' case[]" "so obviously def[ies] the requirements of the APA as to compel a finding that the underlying action was not 'substantially justified' under EAJA." *Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1089 (D.C. Cir. 1986).

### D.    There Are No Special Circumstances That Would Make an Award Unjust.

There are no special circumstances that would make an award of fees unjust in this case. The United States bears the burden of demonstrating the existence of special circumstances that would make a fee award unjust. *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005). In determining whether such circumstances exist, "courts have generally held that the statutory language expresses a congressional directive for courts 'to apply traditional equitable principles,'" and the inquiry primarily focuses on the question of whether the plaintiff had "unclean hands." *Air Transp. Ass'n of Canada v. FAA*, 156 F.3d 1329, 1333 (D.C. Cir. 1998) (quoting *Oguachuba v. INS*, 706 F.2d 93, 98-99 (2d Cir. 1983)). The government cannot show any such special

8

circumstances in this case, nor is there any possible claim that WABA had unclean hands in bringing this case.

**II.     WABA Seeks an Award of $191,326.16 as Reasonable Attorneys' Fees and Costs.**

**A.     WABA Is Entitled to Reasonable Fees.**

WABA therefore respectfully requests that the Court find that the rate requested and the hours expended on this matter are reasonable.  EAJA provides that a court shall award "reasonable attorney fees" to prevailing parties.  28 U.S.C. § 2412(d)(2)(A).  The "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Murray v. Weinberger*, 741 F.2d 1423, 1427 (D.C. Cir. 1984) ("[A]ny fee-setting inquiry must begin with the lodestar figure.").  After determining the lodestar figure, the Court may then "adjust the fee award to reflect the relative degree of the plaintiff's success." *Animal Legal Def. Fund, Inc. v. Perdue*, 292 F. Supp. 3d 315, 317–18 (D.D.C. 2018) (citing *George Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1535 (D.C. Cir. 1992)).  "[T]he determination of how much to trim from a claim for fees is committed to the court's discretion." *Okla. Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991).  "[W]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435.

Here, WABA's attorneys obtained excellent results by prevailing on two causes of action, which both independently entitled WABA to complete relief: summary judgment that the government's decision to undertake the Removal Project was unlawful under both the APA and NEPA.  Moreover, the Court did not reject WABA's two other claims, but rather declined to reach them at this time.  The attorney hours expended by WABA's counsel in litigating this case are reflected in contemporaneous time records kept by the attorneys, which are attached as Exhibit B-1.  WABA is only submitting a subset of its overall attorney hours associated with this matter

9

based on billing judgment: the submitted attorney hours (1) include only work completed prior to the Court granting WABA relief and (2) exclude other hours: for example, WABA did not include redundant or unnecessary time entries, most general administrative time, or most time spent on related work (such as FOIA requests seeking information from Federal Defendants or communications with other outside groups). *See* Ex. B (Brugato Decl.) ¶ 6. The remaining hours reflect the core time reasonably spent on this case, which involved fast-paced litigation on a shifting administrative record, in a situation where the underlying agency action was not disclosed to the public and thus required WABA to litigate against a moving target. Accordingly, because WABA seeks fees for a reasonable number of hours, at reasonable hourly rates, its fee request should be approved.

EAJA sets a baseline maximum rate of $125 per hour but provides that a court may award higher rates if it "determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). For attorneys, the D.C. Circuit has found it appropriate to adjust the hourly rate to account for increased cost of living by dividing the Consumer Price Index ("CPI-U") for the Washington, D.C. area for the year in which work was performed by the CPI-U for Washington, D.C. at the time the baseline EAJA cap was set in March 1996, and then multiplying the result by the statutory cap of $125. *See, e.g.*, *Haselwander v. McHugh*, 797 F.3d 1, 3–4 (D.C. Cir. 2015).

The formula for calculating a reasonable rate is thus expressed:

$$\frac{\text{EAJA statutory rate x CPI-U Washington, DC}}{\text{CPI-U Washington, DC in March 1996}}$$

10

In May 2026 (the closest available month of data to when WABA's attorneys litigated this case), the CPI-U for Washington, DC was 334.707.[1]  In March 1996, the CPI-U for Washington, DC was 158.4.[2]

Fees should thus be calculated using the following formula:

$$\frac{\$125 \times 334.707}{158.4}$$

Under this formula, WABA's attorneys' reasonable hourly rate is $264.13.  This is a fraction of WABA's attorneys' standard rates.

WABA also seeks recovery of a reasonable amount of paralegal time spent on this case. "Paralegal fees are not subject to the EAJA cap, and so may be recovered at prevailing market rates." *True the Vote, Inc. v. Internal Revenue Serv.*, No. CV 13-734 (RBW), 2020 WL 5656694, at *9 (D.D.C. Sept. 23, 2020) (quoting *Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 27 (D.D.C. 2013)).  Courts in this District have previously concluded that the Fitzpatrick Matrix,[3] "a model schedule of fees for complex federal litigation in D.C. that Professor Brian Fitzpatrick developed for the United States Attorney's Office for the District of Columbia," can be used to determine market rates.  *Brackett v. Mayorkas*, No. CV 17-988 (JEB), 2023 WL 5094872, at *2, 5 (D.D.C. Aug. 9, 2023); *see also J.T. v. District of Columbia*, 652 F. Supp. 3d 11, 26 (D.D.C. 2023).  The hourly rate for a paralegal working in 2026 under the Fitzpatrick Matrix is $273.  Ex. E

---

[1] *See* Ex. C (Consumer Price Index, Washington-Arlington-Alexandria — May 2026), *available at* https://www.bls.gov/regions/mid-atlantic/news-release/consumerpriceindex_washingtondc.htm  (last visited July 21, 2026).

[2] *See* Ex. D (Bureau of Lab. Stat., Consumer Price Index for All Urban Consumers (CPI-U) – Washington DC, 1996–2006), *available at* https://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series_id=CUURS35ASA0, CUUSS35ASA0 (last visited July 21, 2026).

[3] *See* Ex. E, "Attorney's Fees – The Fitzpatrick Matrix," U.S. Attorney's Office for the District of Columbia, *available at* https://www.justice.gov/usao-dc/civil-division (last visited July 21, 2026).

at 1.

Using the adjusted EAJA rate above for the work of WABA's attorneys and the Fitzpatrick Matrix rate for paralegal work, WABA seeks an award of $189,417.59 as reasonable attorneys' and paralegal fees.  Ex. B-1 at 10.

### B.    WABA Is Entitled to Reasonable Costs.

WABA is also entitled to recover costs and expenses associated with this litigation.  EAJA authorizes recovery of "costs" and "other expenses."  28 U.S.C. § 2412(a)(1); *id.* § 2412(d)(2)(A). The statute "allows for an award of reasonable expenses incurred throughout the course of the litigation."  *Nat'l Ass'n of Mfrs. v. U.S. Dep't of Lab.*, 962 F. Supp. 191, 199 (D.D.C. 1997), *aff'd* 159 F.3d 597 (D.C. Cir. 1998).  "Items routinely billed to a client are recoverable under the EAJA." *Id.* (citing *Chen v. Slattery*, 842 F. Supp. 597, 600 (D.D.C. 1994)).  Here, as itemized in Exhibit B-1 at 8–9, WABA seeks an award of $1,908.57 as reasonable costs.

### CONCLUSION

For the foregoing reasons, WABA respectfully requests the Court award WABA attorneys' fees and costs of $191,326.16 as detailed above.

July 22, 2026                                        Respectfully submitted,

By:  */s/ Thomas Brugato*

Thomas Brugato (D.C. Bar No. 1013523)
Gary S. Guzy (D.C. Bar No. 375977)
Daniel G. Randolph (D.C. Bar 230150)
Christina Coleburn (*pro hac vice*)
Kristin Oakley (*pro hac vice*)
Benjamin Rolsma (*pro hac vice*)

COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, D.C. 20001-4956
(202) 662-5515

tbrugato@cov.com
gguzy@cov.com
drandolph@cov.com
ccoleburn@cov.com
koakley@cov.com
brolsma@cov.com

*Attorneys for Plaintiff Washington Area Bicyclist*
*Association, Inc.*